CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 12 2008

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TYRONE HIAWATHA LEE, | ) | Civil Action No. 7:07CV00488 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| LEIGH C. LACY, ARLENE DOE, | ) | |
| KASY DOE, and all other currently | ) | |
| unknown and unnamed co-conspirators, | ) | |
| Defendants. | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |

Tyrone Hiawatha Lee ("Lee") proceeding in forma pauperus and pro se brings this case against Leigh Lacy ("Lacy"), vice president of Valley Cleaners–his former employer, Lacy's "agent" ("Arlene"), and one of Valley Cleaners' customers ("Kasy"), claiming that the three defendants allegedly conspired to terminate Lee on the basis of his race, sex and religion in violation of Title VII of the Civil Rights Act. 42 U.S.C.§ 2000e (2000). Lee also raises state law claims arising out of his termination. The case is before this court on defendants' motion to dismiss the complaint for lack of subject matter jurisdiction because Lee filed his complaint more than 90 days after receiving his EEOC right-to-sue letter, and failure to state a claim. The court finds that Lee may be entitled to the benefit of the prison mailbox rule, making his filing timely. However, the court finds that Lee's claims are purely speculative. Therefore, the court dismisses Lee's Title VII complaint for failure to state a claim, and declines to exercise supplemental jurisdiction over his state law claims.

I

In July 2003, Lacy hired Lee to work part-time (and later full-time) at two of the cleaners' locations. (Compl. ¶ 15.) On March 17, 2007, Lacy fired Lee, giving the reason that Lee had not

opened one of the laundromats as Lacy claimed he was supposed to have done. (Compl. ¶ 32.)

During the time of his employment, Lee had several hostile interactions with customers and managers of Valley Cleaners. During one confrontation with a black female manager, Arlene (a named co-defendant) decided to call the police to calm the situation. (Compl. ¶ 17.) When Lee had a similar dispute with a white female (Kasy, a customer and another named co-defendant), Arlene did not call the police. (Compl. ¶ 17.) In March 2007, Lacy called Lee to inform him that he was fired for failure to complete his duties. (Compl. ¶ 32.)

Lee filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on June 4, 2007. On June 21, 2007, the EEOC sent Lee a right-to-sue letter, informing him that he had 90 days to file suit against Lacy. Lee was incarcerated on August 15, 2007. Lee states that he gave his complaint to the deputy at the jail on September 20, 2007. Lee's complaint in this action was filed on October 15, 2007.

Because Lee comes before this court as a pro se plaintiff and because his complaint appeared deficient, the court gave Lee an opportunity to explain his allegations and discover whether Lee raised allegations above a speculative level. In the hearing on the motion to dismiss, Lee stated that he was "suing under the same ground... that Abraham Lincoln put the 14th amendment in place for slaves to sue their slave masters." (Tr. of Mot. Hr'g 15.) Lee continued, "[Lacy] fired me for not opening up one morning because I am an African – no, I am Nubian, and I'm a male, and I'm Muslim. That's why she done it." (Tr. of Mot. Hr'g 15.) Lee summed up his allegations stating:

> I believe it was a conspiracy in that one female put her hand in my face, and I did not appreciate that, and when I voiced my opinion about this, this was what turned the whole situation around... I had voiced my opinion about a female putting her

2

hand in my face and every thing went downhill from then. That's why I said based upon my race, my sex, and my religion. (Tr. of Mot. Hr'g 16-17.)

## II

The EEOC may issue a right-to-sue letter to a party complaining of discrimination, granting that party 90 days during which to file suit in federal court. 42 U.S.C. 2000e-16(c) (2000). However, this 90-day limit is not jurisdictional. Laber v. Harvey, 438 F.3d 404, 429 (4th Cir. 2006) (noting that every circuit that has examined the question has determined that the filing time limit in 2000e-16(c) is not jurisdictional). Lee claims that he handed his complaint to an officer of the jail for filing on September 20, within the EEOC's 90-day filing period. Prisoners are entitled to the prison mailbox rule which states that a court may deem a complaint filed at the time of delivery to the proper prison authorities to be forwarded to the clerk of court. Houston v. Lack, 487 U.S. 266, 270-71 (1988). On the facts before it, the court cannot determine whether Lee would be entitled to the benefit of the prison mailbox rule. However, because the court concludes that the allegations in Lee's complaint are purely speculative, the court finds it unnecessary to resolve the issue of timeliness here.

## III

In order to survive a motion to dismiss for failure to state a claim, the complaint must raise the plaintiff's right to relief above a speculative level. The court finds that Lee alleges no facts which would raise his right to relief for discriminatory action by his employer above the speculative level and therefore dismisses the complaint.

Section 1915(e)(2)(B)(ii) provides for the dismissal of an *in forma pauperis* action for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(b)(ii). The

3

Fourth Circuit equates the standard for § 1915(e)(2)(B)(ii) to that of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Green v. Maroules, 211 F. App'x 159, 161 (4th Cir. 2006). However, since the Fourth Circuit equated the two standards, the Supreme Court has adopted a new formulation for Rule 12(b)(6). Under the new 12(b)(6) formulation, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, __ U.S.__, 127 S.Ct. 1955, 1964-65 (2007). A claim will be dismissed unless the allegations "are enough to raise the right to relief above speculative level . . . on the assumption that all the allegations in the complaint are true . . ." Id. at 1965. The court believes it is required to maintain the link between the two standards and will therefore evaluate the *in forma pauperis* claim now before it by this new formulation for a motion to dismiss under Rule 12(b)(6).

To prevail on a Title VII discrimination claim, an employee must prove that he was discriminated against because of his race, sex or religion and that but for his race, sex or religion, he would not have been the victim of such discrimination. Wrightson v. Pizza Hut of Am., Inc., 99 F.3d 138, 142 (4th Cir. 1996). Unless Lee's allegations raise his right to relief for discrimination based on race, sex or religion above a speculative level, his complaint will be dismissed under 28 U.S.C. §1915(b)(2)(e)(ii).

Assuming that all allegations in Lee's complaint are true, the court finds no facts that raise Lee's right to relief under Title VII above a speculative level. Lee states that he had worked for defendant Lacy at two laundromats until his termination. Lee alleges that Lacy terminated his

4

employment at one location giving the reason that he closed that laundromat early, and that she terminated Lee's employment at the other location giving the reason that he failed to open that laundromat.

Lee alleges no facts that any of the defendants' actions were motivated by discrimination based on his race, sex or religion, or that defendants treated other employees differently because of their race, sex or religion. The only facts which approach a basis for a discrimination claim are the two hostile incidents involving a black female manager and a white female customer. Lee alleges that the police were called in the former case and not in the latter. Although the two situations ended differently, the difference between the two incidents does not support the claim that Lee was discriminated against or that but for his race, Lee would have been treated differently.

Rather, Lee argues that because he never missed a day of work and he was not working on the day that he allegedly closed early, his termination could only have been motivated by discrimination. In the hearing on this motion to dismiss, when asked what facts made him believe the firing was discriminatory, Lee responded, "what other reason could there have been?" (Tr. of Mot. Hr'g 16.) Lee alleges no facts to support the claim of discrimination and only speculates that race, sex or religion played a role in his firing. Therefore, the court dismisses without prejudice Lee's Title VII complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii).

## IV

All other claims in Lee's complaint are state-law claims regarding employment. The

court declines to exercise supplemental jurisdiction over the remaining state-law claims pursuant to 28 U.S.C. § 1367(c)(3).

V

For the reasons stated herein, Tyrone Hiawatha Lee's complaint in this action is **DISMISSED.**

**ENTER**: This 12th day of February, 2008.

_____
UNITED STATES DISTRICT JUDGE

6